Good morning, Your Honors. May it please the Court, Timothy Walton for Appellant William Silverstein. Your Honor, this case is about commercial email advertising of a pornographic website. It is uncontroverted that the email that was sent to Appellant was unlawful. It's uncontroverted that the website displays and provides pornographic material to visitors. The question here is whether the defendants can avoid jurisdiction in California by adding complexity and setting up hurdles to discovery of who the appropriate person is. And when they are brought into court, they say nothing except, it wasn't me, and refuse to cooperate with discovery. Appellant contends that the district court should have denied the motion for personal jurisdiction because the advertised website is an interactive commercial website because the email itself was directed to California, and if the district court did not agree that the plaintiff had made a prima facie case, then should have allowed the parties to conduct discovery to figure out where the truth lies. If the district judge is right that there's no jurisdiction, how can the district judge order discovery? I mean, the plaintiff made a choice not to go to Florida and sue. That's true. And so if this wouldn't be a question if we're in Florida, but the plaintiff made a decision to sue in California, I don't see how he has power, power to order discovery unless there's jurisdiction. Could you help me with that? I think that it is proper and appropriate to allow for limited discovery relating purely to the issue of jurisdiction. I know. You're saying that. You're using terms appropriate. I said power. There's no power. The district court has not power unless there's jurisdiction. Well. We're a limited court. How would the district judge, on what basis would the district judge allow any type of discovery if he had no power? I think that the judge did have power because jurisdiction does lie, and the motion should have been denied. Okay. So that's the point, is it whether or not there's jurisdiction, not whether once you have jurisdiction, the judge can do what he wants to do. Sure. So I suppose the main issue is how is there jurisdiction in this case? Well, there's jurisdiction for multiple reasons, both general and specific jurisdiction. Well, can I go back to Judge Wallace's question for a moment? There is subject matter jurisdiction. Yes. So the question here is personal jurisdiction. Yes. Now, I think there is law that you can ask for limited discovery with respect to jurisdictional facts. That is my understanding. As to where the place of business may be or something like that. Was there such a request here? Yes, Your Honor. And where is that? Where do I find that? I don't have the record in front of me, but I believe that it was made in the original opposition to the motion to dismiss the verified First Amendment complaint. Thank you. The issue of personal jurisdiction is confusing because the defendants in operating the website set themselves out as the owners of a particular domain name, sexsearchcom.com. This is the domain name where the website resides that provides the material in exchange for payment from customers. The person who sent the e-mail included in the e-mail advertising the domain name sexsearchcom — I'm sorry, sexsearch.com, which itself does not have a website but merely redirects to sexsearchcom.com. And so the defendants have gone to the extraordinary effort to essentially hide, and then when they do come into court and say, it's not me, they won't say who it is. They make the claim that they own the domain name but that they lease it to some other unknown person. Plaintiff did allege in the complaints that this is a civil conspiracy. It appears that this whole sexsearch business is a joint venture involving multiple companies, one of which has offices in Los Angeles. But the only company that we can definitively tie to this enterprise is Experienced Internet because it is the one that is the registrant of the domain name where the website resides. I would like to reserve time for rebuttal. Thank you. Thank you. Roberts. Good morning, Your Honors. May it please the Court, Gary J. Kauffman of the Kauffman Law Group on behalf of the defendants and Respondents. Let me first start off by saying that what the defendant has done consistently throughout this matter, when he filed his motion with his opposition to the motion to dismiss, when it was dismissed and he filed his opposition to our motion to dismiss the First Amendment complaint, and in his motion for reconsideration, all three which were denied, as this Court well knows, from the district court judge, he's attempting to manufacture jurisdiction where it doesn't exist. What the appellant is trying to do in this case is to create jurisdiction for the convenience of counsel. For as the record is clear, the only ties to the jurisdiction of California is appellant's and plaintiff's counsel's office. The record is clear and the district court judge accepted, as a matter of truth, and again, this was uncontroverted facts, not allegations. What if the – what if your client actually was the one that was sending out these spam messages? That would be a different story. Well, but what would that be? Would that be jurisdiction? To answer the Court's question, no in this situation, because there is no evidence whatsoever that there's any systematic specific jurisdictional facts. What we have in the record is one e-mail. And again, the Court should be well aware that there is zero evidence, zero, not just no evidence whatsoever, that my client, whether being the individual or the plaintiff … Of course, that's not my question. Suppose it was your client that did this. Would that afford jurisdiction against your client or personal jurisdiction of your client? I would say no. And why is that? Because there's no evidence of any – I think the cases are clear that one e-mail not targeted toward any specific person in any specific jurisdiction would confer jurisdiction. For example, when one sends an e-mail, you don't know where it's from, whether it's from California or Alaska or some other jurisdiction. But in this case, the record is clear that none of the defendants, none of the defendants' websites sent a single solitary e-mail to anyone. The plaintiff and appellant has alleged this vast conspiracy. In fact, he has said to you this morning that they – someone has an office in California. Well, he didn't sue them. He sued two individuals in a corporation who have – who have no ownership interest whatsoever in the complaint – in the entity that it has – was alleged to have caused an e-mail to be sent, specifically sexsearch.com. There's no evidence that any of the defendants owned anything in sexsearch.com or that they were the agents of sexsearch.com. But wait a minute. You keep saying there's no evidence. There's no evidence. The allegation of the complaint is that when – as I understand it, he – every time he tries to access the people who are sending him the e-mail, he gets routed somewhere else. Is that – am I saying that wrong? Well, no. That's partially true. But let me explain to answer the Court's question. What happened was he alleged that my clients did something, and we said no. And, in fact, what we did in this litigation, in opposition – in support of a motion or maybe in a reply brief, we said, look, it's not us. Here's – here's the people. Here's the people. It's – it's – here's the registrant for sexsearch.com, and here's the name of the individual who sent the e-mails. Now, I understand that. But when he accessed that site, I thought he got your client's site. No. No. There's two different sites. There's three different sites, okay? One site is sexsearch.com. My clients have no ownership interest in it, nothing. There's another site which – which is called sexsearch.com, which is a site that is licensed to a company called Scitech that my clients have no control over. Controls, yeah. There's none. And – It does or it doesn't? It has no control. Okay. And what happened in this case was the plaintiff made these allegations. We came in with declarations saying no ties to California, no business in California, our website's passive, haven't sent a single solitary e-mail. And the plaintiff came back and just said, well, you must be involved. There's nothing there. And what he's done, with all respect, is cast – is try to cast out a big fishing net to try to identify certain individuals or companies. And instead of going to Florida, like the Court has – and doing discovery there, or doing more due diligence before we file a lawsuit to determine who the true people are, is attempting to put my clients in the fishing boat with him and take him out to – take him out to sea while he tries to determine who's who. Now, in this case, when you sue the wrong people, the defense – the response cannot be, well, until you tell us and help us out, we're not going to let you out. Well, does the complaint allege any link between your client and the – the entity responsible for – you claim is responsible for putting these – sending this spam? I think the complaint does say that. But – but the complaint does it on information and belief. And what the district court judge found was that allegations on information and on belief may be fine until you have evidence, admissible evidence, to the contrary which says, no, that's not true. Well, we're at a jurisdictional stage here that you're – and so this is – this keeps getting kind of circled up with the merits of his – of his claim. Did he make a – make a limited request to – for discovery as to the link between – as to the facts that would – would show a link between your client and the entity that's sending in the spam? In his papers, no. That's because I didn't – I – I've – I asked that question myself the other day, Your Honor. And I've reviewed the papers, and I hope I'm not wrong. But when I reviewed the papers, it was clear from the papers that there is no – not a single solitary request or a mention for jurisdictional discovery. Now, in terms of the burden of proof, I mean, I think that's what we're getting down to here, is that the burden of establishing personal jurisdiction is on the plaintiff, which he's utterly failed according to the district court, and I certainly agree with the district court. There's no showing whatsoever, nothing. It's wild allegations. With respect to the burden of proof or the standard relative to the request for jurisdictional discovery, it's a different standard. And – and the standard there is, is, number one, he didn't ask for it. Number two, that's within the discretion of the district court judge. And this Court would have to find, I would submit, that it would have to be abusive to that discretion for the district court judge not to grant jurisdictional discovery when it's never requested to begin with in the first place. Now, I think I see my time running out. And so with that, unless the Court has any questions, which I'd be more than pleased to answer, I would respectfully submit. There don't appear to be any questions. Thank you. Thank you very much. May I just have one further comment, Your Honor? Yeah. Your Honors, thank you. I see it. And that's just briefly. What this case has been about is allegations and not facts. And in one instance, I'd just like to point to that I just can't help from doing, is in the – in the appellant's reply brief, instead of sticking with the facts, what happened is it refers to, for the first time in the briefing, everywhere else, instead of Respondents or instead of Defendants, it's the porn spammers, hopefully, I guess hoping that that's going to sway you in some manner. But we cannot respond to that in our opposition papers because it wasn't presented in the moving papers. Thank you. Thank you. Your Honors, there is one fact that is in evidence, and that is that Experienced Internet was the registrant of the domain name sexsearchcom.com, and that the website address that was advertised in the email ultimately led to sexsearchcom.com. And it wasn't just one email. It was bulk email sent to the far ends of the earth. And Federal cases have been consistent that email advertising in violation of CAN-SPAM results in personal jurisdiction in every jurisdiction where the email ends up. And in this case, my client received more than one. But you say it's sexual spam. That would be the case, I suppose, for any spam, right? The Verizon v. Rowski case is not limited to sexual spam. There are multiple ways in which spam email can violate Federal law. This is — and there were multiple violations of this spam in this case itself. The most prominent — Does it have to be in violation of Federal law in order to provide jurisdiction? The cases — Personal jurisdiction. In the cases that I'm aware of that have been reported by appellate courts, that has been the case. So I don't know whether an email that is — that doesn't result in liability would result in jurisdiction. One way or the other. You either have it or you don't. It's a good — that's a fair point. And I guess that there should be personal jurisdiction in the place where the commercial email is received, even if, after trial, it's determined that that email didn't have any liability attached to it. Could you — can you now point to a place where you asked for limited jurisdictional discovery to find out the relationship of these entities? Your Honor, I believe that I did. And if it's not in the papers, then I may have done it in oral argument. But I'm not looking at my papers right this moment. I also would like to point out that part of the lack of evidence here is the lack of the defendant providing any evidence with regards to this company, Cytec. That's mentioned merely in the briefs. It doesn't appear anywhere in any affidavits or declarations. It's — the Court has to take the defendant's word for it that it wasn't them when they say, it wasn't us. And the Court chose to do so. Thank you. Thank you, Your Honor. You know, it would be crucial, I would think, as to whether you asked for jurisdictional discovery or just wide discovery. And you can't tell us what you asked for? This was some years ago, but it was my practice to speak of limited jurisdictional discovery. I was not looking for a Rule 26 conference after counsel said that we couldn't have one. I was looking for specific information about the — this umbrella organization that goes by sex search and appears to be a joint venture between multiple companies. And you don't have your motions — you don't have the motion papers here. I do not. I think if you look through the record, you'll find no motion papers. The only thing I found in the record was an offhand comment about jurisdictional discovery, an oral comment. And you'll find it at the excerpt on page 23 and page 30. But I found nothing in the record of any motion that you made, written motion. Thank you, Your Honor. Thank you. The matter just argued is submitted for decision. That concludes the Court's calendar for this morning. The Court stands adjourned.
judges: Wallace, Hug, Schroeder